# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RYISHIE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 4528 |
| vs. | ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Ryishie Robinson, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that while he was being detained by the police as a suspect in an altercation, the defendants violated his civil rights by denying him needed medical care until he gave them a statement. The matter is set for a jury trial to begin on August 12, 2013.

Mr. Robinson filed five motions *in limine*, while defendants filed ten motions *in limine* (*see* doc. # 101: Pretrial Order at 16-17). Most of these motions have been decided or deferred (*see* doc. # 103: 06/28/2013 order). This Court took under advisement defendants' motion *in limine* No. 8, which seeks an order barring reference at trial to the Fraternal Order of Police ("FOP") disclaimers the defendant officers used in their statements to the Chicago Police Department ("CPD") during an Internal Affairs ("IA") investigation. For the following reasons, we now grant that motion.

### I.

Following an incident, CPD supervisors may order "certain police officers to give oral and/or written statements [about] the incident under the penalty of dismissal if they refus[e] to

---

[1]On November 27, 2012, by consent of the parties and in accordance with 28 U.S.C. § 636(c), this matter was reassigned to this Court for all further proceedings, including entry of final judgment (doc #83).

comply." *Obrycka v. City of Chicago*, No. 07 C 2372, 2012 WL 4060293 at *2 (N.D. Ill. Sept. 14, 2012). The Chicago police officers' union, FOP Lodge No. 7, instructs its members to make a standard disclaimer when giving their IA statements. *Id.* at *3.; *Cosey v. City of Chicago*, No. 97 C 6808, 1999 WL 300238 at *4 (N.D. Ill. May 3, 1999). The disclaimer states that the officer is giving his statement involuntarily and under duress at the direction of a superior officer. *See Ramirez v. City of Chicago*, No. 05 C 317, 2009 WL 3852378 at *3 (N.D. Ill. Nov. 17, 2009). These disclaimers simultaneously protect the police officers' Fifth Amendment right against self-incrimination and facilitate efficient internal investigations of alleged police misconduct. *Cosey*, 1999 WL 300238 at *4.

Here, plaintiff seeks to retain the ability to offer this disclaimer into evidence, in the event he wishes to challenge the credibility of various assertions that an officer made in his IA statement. For their part, defendants seek to exclude this evidence as irrelevant and unfairly prejudicial. We agree with defendants on both scores.

### A.

We find the disclaimer – and the related fact that the IA statements are given under compulsion – irrelevant to the veracity of any assertions made in an IA statement. We note that just as CPD supervisors may compel officers to give IA statements, a court may compel witnesses to appear to testify by use of a subpoena, and sanction those who do not comply. We find no support for the proposition that a witness who is compelled to testify in court is more likely to testify falsely than is a witness who voluntarily testifies in a proceeding. Similarly, there is no evidence that the disclaimer affects the veracity of an officer's statement, or that its inclusion would lead them to make false statements or claims with respect to this incident.

We are aware of one case in our district that has reached the opposite conclusion, reasoning that if "the Fifth Amendment's right against self-incrimination may be admissible to create an adverse inference in a civil case," FOP disclaimers may be used at trial for a similar purpose. *Rodriguez v. Cervantes*, No. 07 C 2481, 2009 WL 3460100 at *2 (N.D. Ill. Oct. 20, 2009). With respect, we disagree. In order to assert a Fifth Amendment right to refuse to testify, a person must have an objectively reasonable basis to believe answering the question would subject them to a real danger of prosecution. *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980). "To be privileged by the Fifth Amendment to refuse to answer a question, the answer one would give if one did answer it (and answer it truthfully) must have *some* tendency to subject the person being asked the question to criminal liability." *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663-64 (7th Cir. 2002) (emphasis in original). That is why the assertion of a Fifth Amendment privilege will support an adverse inference that the answer, if given, would incriminate the witness.

By contrast, the purpose of the FOP disclaimer is not to assert a Fifth Amendment privilege, but rather to avoid a later claim that a police officer waived any privilege by giving an IA statement. Thus, the FOP disclaimer lacks the predicate that allows an adverse inference about credibility – or anything else – to be drawn from its invocation.

**B.**

In addition, even if the FOP waiver were relevant, we would exclude it pursuant to Federal Rule of Evidence 403. This Court has broad discretion under Rule 403 to exclude relevant evidence where its probative value would be substantially outweighed by the risk of unfair prejudice or jury confusion. *E.g., Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012); *Cerabio LLC v. Wright Medical Tech., Inc.*, 410 F.3d 981, 994 (7th Cir. 2005). Because the

probative value of the FOP disclaimer here is at best low, this Court's tolerance for potential prejudice stemming from admission of the disclaimers is also low. *See e.g., Whitehead*, 680 F.3d at 930 (employing a sliding scale approach in which "as the probative value [of the evidence] increases, so does our tolerance of the risk of prejudice").

"Evidence is unfairly prejudicial in the context of [Fed. R. Evid.] 403 if it will induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." *Id.* (citing *Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011)). While *Obrycka* discussed disclaimers in the context of a *Monell* claim against the City of Chicago, that court's reasoning also applies here. *Obrycka* held that the disclaimer, as a standard statement given at the direction of the police union, had little probative value in light of the great risk of unfair prejudice that it posed to a defendant police officer. 2012 WL 4060293 at *3. The *Obrycka* court explained that evidence of the disclaimer could lead the jury to "conclude that the police officer would not have made this statement unless he had done something wrong," and thus, decide the case on an improper basis in violation of Rule 403. *Id.* The risk of unfair prejudice to the defendant officers here is similarly high because the FOP disclaimer has no (or at best little) relevance to the veracity of their statements.

Other decisions in this district have excluded evidence of the FOP disclaimer by similar reasoning. *E.g., Saunders v. City of Chicago*, 320 F.Supp.2d 735, 739-40 (N.D. Ill. 2004) (holding that the disclaimer is "essentially boilerplate and discussion of it will serve only as a distraction from the relevant information that may appear in the [IA] reports"); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137 at *5–6 (N.D. Ill. Apr. 15, 2008) (finding it unfair to force police officers to defend themselves against the disclaimer because it was an "unrelated . . . allegation . . . [that would result] in trials within trials, risking serious jury confusion").

4

We recognize that other cases in our jurisdiction have found the FOP disclaimer admissible because the defendant police officers can introduce additional evidence at trial to explain that its inclusion in their IA statements reflects standard police practice. *E.g., Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212 at *11 (N.D. Ill. Mar. 8, 2005). *See Sepulveda v. Lopez*, No. 97 C 4321, 1998 WL 851500 at *3 (N.D. Ill. Dec. 3, 1998). We take a different approach. We do not consider the opportunity to explain the FOP disclaimer as an antidote to the admission of irrelevant evidence that would open the door to inefficient and collateral litigation, and that would risk jury confusion and unfair prejudice.

## CONCLUSION

For the foregoing reasons, this Court grants the defendants' motion *in limine* No. 8 to bar reference to the FOP disclaimer at trial. Of course, other relevant statements from the IA reports may be introduced as evidence at trial as appropriate, provided that the disclaimer is redacted. *Obrycka*, 2012 WL 4060293 at *3; *Saunders*, 320 F.Supp.2d at 739-40.

All counsel are responsible for advising their witnesses of this ruling, and for taking all reasonable steps to ensure that the witnesses do not offer testimony or comment on the FOP disclaimers. In the event one side contends that the other side has opened the door to inquiry into this matter, the side making that contention shall seek a sidebar and obtain advance approval of the Court before asking any questions or making any argument on this matter.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

Dated: July 15, 2013

5